## Wilhelm Becker

*v.*

## The Chicago, Burlington and Quincy Railroad Company.

*Filed at Ottawa November 15, 1888.*

Eminent domain—*of the compensation to tenant for years.* In a proceeding to condemn a lot for railroad purposes, upon which there was a building, occupied by a tenant for a saloon and restaurant, under an unexpired lease, a real estate dealer testified that the value of the leasehold interest was between $2500 and $3000 over and above the rent, which was $60 a month. The tenant testified that he had occupied the premises for eight or nine years, and that the leasehold interest was

worth to him the amount of the rent, only. The jury gave the tenant $150 as compensation for his interest, and $100 for the costs and expenses of removal: *Held*, on appeal by the tenant, that the verdict was not too low, under the evidence.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. GOLDIER & RODGERS, for the appellant.

Mr. E. J. HARKNESS, for the appellee.

Per CURIAM: This is an appeal from a judgment of the county court of Cook county, in a proceeding instituted by the Chicago, Burlington and Quincy Railroad Company, to condemn a certain lot, situated at the south-west corner of Stewart avenue and Fourteenth street, for railroad purposes. There was upon the lot a two-story frame building, known as No. 89 Stewart avenue, which was occupied by Wilhelm Becker, appellant, as a saloon and residence, under a lease from May 1, 1886, to April 30, 1891, at a rental of $60 per month. There is nothing involved in this case except the leasehold interest of Becker. After hearing the evidence and viewing the premises, the jury returned a verdict, in which they allowed Becker $150 as compensation for his leasehold interest in the premises, and $100 for the costs and expenses of removal. The court rendered judgment on the verdict, and Becker appealed.

No question is raised in regard to the admission or exclusion of evidence, or in regard to the instructions of the court. The sole question relied upon to reverse the judgment is, that the verdict of the jury was against the evidence.

The argument of appellant is predicated upon the evidence of one witness, a real estate dealer, by the name of A. Kozie, who testified that the value of the leasehold interest was between $2500 and $3000, over and above the rent reserved. If no other evidence had been introduced before the jury, it

might be held that the verdict was contrary to the evidence. But there was other evidence before the jury. The appellant himself was sworn as a witness, and testified that he had occupied the premises as a saloon and restaurant for eight or nine years, and in answer to questions asked by his counsel, testified as follows:

"Q. How is the rent?

"A. Sixty dollars a month.

"Q. Is that a reasonable rent, or otherwise, of those premises?

"A. The rent is reasonable,—just the way sometimes business goes.

"Q. Is the rent reasonable, or otherwise?

"A. Yes.

"Q. What is the place worth, in rent? How much, for a business of your character? What would it be worth?

"A. It is anyhow worth $60 to me for my business."

From this testimony it appears that the leasehold interest was worth nothing in addition to the rent appellant was paying. He had occupied the premises for eight or nine years, and had better means of knowing what the leasehold interest was worth than the real estate dealer whom he called as a witness, and we think the jury was warranted in giving credit to the evidence of appellant rather than the other witness he called. Upon an examination of the premises, the jury no doubt found that appellant had placed a more accurate and reliable value upon his interest in the premises than the witness who placed such a large value thereon, and in fixing compensation they gave greater weight to appellant's evidence, as they had a right to do, than to the evidence of the other witness.

After a careful examination of all the evidence, we perceive no ground for disturbing the judgment. It will therefore be affirmed.

*Judgment affirmed.*